THE GREAT AMERICAN INDEMNITY Co. ET AL., Petitioners and Appellants, *v.* JOSÉ G. BLOISE, ACTING COMMISSIONER OF THE INTERIOR, ETC., ET AL., Respondents and Appellees.

No. 8368. Argued March 10, 1942.—Decided May 19, 1942.

*Francis & Belaval* for appellants. *George A. Malcolm, Attorney General,* and *Angel C. Calderón,* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

The facts as alleged in the petition herein are, in brief, as follows:

On January 29, 1941, the Department of the Interior of the Government of Puerto Rico, published an advertisement calling for bids in connection with the letting of a contract for road construction work. The advertisement in its pertinent part reads as follows:

"Every bid shall be accompanied by a bond payable to the Commissioner of the Interior in cash, certified check, or from an insurance company for the sum of $800.

"Where the security inclosed with the bid is in the form of a bond from an insurance company, said insurance company shall be liable for the whole amount of the bond clearly stating this condition in the bond documents."

On February 12, 1941, petitioners Colón and Santini submitted a bid in a closed envelope together with a bond executed by Great American Indemnity Company whereby the bidders and the surety company bound themselves in

favor of the Commissioner of the Interior in the "penal sum of $800." the undertaking offered by the subscribers of the bond reads as follows:

"*Now, therefore,* the condition of this obligation is such that, if the said principal shall be awarded the said contract and shall, as required, within (—) days after receiving notice of such award enter into a contract and give bond for the faithful performance of the contract, then this obligation shall be null and void, *otherwise the principal and surety will pay unto the obligee the difference of money between the amount of the principal's bid and the amount for which the obligee may legally contract with another party to perform the work, if the latter amount be in excess of the former;* but in no event shall the surety's liability exceed the penal sum hereof." (Italics ours.)

The petitioners allege that the Board of Award, having opened the bid submitted by them, rejected it and refused to consider the same, on the ground that the bond was insufficient and failed to comply with the terms of the advertisement as published; that they have taken all possible steps to have the defendant reconsider their decision, but that such steps have been fruitless; that the bid of the petitioners was the lowest of all the bids tendered, was timely submitted, and was accompanied by a sufficient bond; that among the obligations imposed by law on the defendants is the duty to consider every proposal which complies with the requisites of the advertisement for bids published by the Department of Interior; and that the bid of the petitioner was unjustly rejected, notwithstanding the clear legal obligation to consider the same on the part of the defendants. The petitioners pray for a writ of mandamus, commanding the defendants to accept and consider the bid "as received in due time for the purpose of making an award in favor of the petitioners."

The defendants in their answer denied that petitioners' bid had been rejected on the ground of the insufficiency of the bond, and on the contrary alleged that the actual ground for refusing the bid was that the bond as furnished did not comply with the terms as advertised; they denied that the

bid of the petitioners was the lowest of all those submitted; and they further denied that they are legally bound to consider a bid where the bond accompanying the same fails to comply with the requisites of the call for bids. As special defenses, the defendants alleged that mandamus does not lie unless it is directed to enforce a specific and clear legal duty; that the act sought to be enforced does not involve a ministerial duty imposed by law; that, as it is discretionary with the defendants to perform said act, the writ sought should not issue; and that, as the right of the petitioners does not clearly appear, the issuance of the writ does not lie.

After the petition had been denied by a judgment of March 27, 1941; the petitioners brought the present appeal, in which they urge that the lower court erred; (1) in holding that the bond required by the laws of Puerto Rico in connection with the submisison of bids for a public work may be fully forfeited for nonperformance, as if the matter involved were an agreement for liquidated damages instead of a penal bond to answer for damages actually suffered by the government in case of breach; and (2) in holding that the Board of Award had power or discretion to alter the terms or conditions of a statutory bond.

There is no question that the bond furnished by the petitioners does not comply with the terms and conditions of the advertisement for bids. According to the advertisement, the bond was to be payable to the Commissioner of the Interior and might be furnished in cash, or in a certified check, or in the form of an undertaking subscribed by a surety company, in which the surety company must expressly state that it was responsible for the whole amount of the bond. The petitioners herein elected to furnish a corporate bond, but, disregarding the terms and conditions of the advertisement for bids, they and the surety company bound themselves to pay to the Commissioner of the Interior of Puerto Rico, not the sum of $800, as the whole amount of the bond required, but "the difference of money between the amount of the princi-

pal's bid and the amount for which the obligee may legally contract with another party to perform the work.''

 The first question to be considered and determined by us is whether the Board of Award and the Commissioner of the Interior are legally empowered to require from bidders the furnishing of a bond in accordance with the terms set forth in the advertisement for bids, *supra*.

Section 426 of the Political Code (Comp. Stat. 1911, p. 594) empowers the Commissioner of the Interior to prescribe a set of general conditions for the contracting of the insular public works to be substituted for that enacted by the Government of Spain with the force and effect of law upon publication thereof in the Official Gazette and submission of a copy thereof to the Legislative Assembly of Puerto Rico.

Section 7 of the "Set of General Conditions for the Contracting of the Insular Public Works" prescribed, published, and submitted in accordance with the provisions of §426 of the Political Code, provides as follows:

"GUARANTY TO ACCOMPANY PROPOSALS.—The security to accompany the bids specified in the general conditions for the work advertised shall be not more than 5 per cent, nor less than 2 per cent, of the standard value of the work. It shall be given in the form of a certified check made payable to the Superintendent of Public Works to be forfeited to The People of Puerto Rico if the successful bidder does not fulfill the condition of entering into a written contract with the Superintendent of Public Works to begin work within the time specified in the general conditions of the work awarded, which term shall in no case exceed thirty days.''

 What are the essential differences between a stipulation for the payment of liquidated damages and one for the payment of a penalty in case of breach of a contract?

"§240. GENERALLY.—The term 'liquidated damages' signifies the damages the amount of which the parties to a contract stipulate and agree, when the contract is entered into, shall be paid in case of breach. It is well settled that the parties to a contract may stipulate in advance as to the amount to be paid in compensation for loss or injury which may result in the event of a breach of the agreement.

A stipulation of this kind is enforceable, at least in those cases where the damages which result from a breach of the contract are not fixed by law or are in their nature uncertain and where the amount stipulated does not manifestly exceed the injury which will be suffered. Ordinarily, a court of equity will not relieve against a stipulation for liquidated damages." 15 Am. Jur. 671.

"§241. *Distinction between Liquidated Damages and Penalties.*— As distinguished from liquidated damages, a penalty is a sum inserted in a contract, not as the measure of compensation for its breach, but rather as a punishment for default, or *by way of security for actual damages which may be sustained by reason of nonperformance,* and it involves the idea of punishment. It is the payment of a stipulated sum on breach of contract, irrespective of the damage sustained. Its essence is a payment of money stipulated as in terrorem of the offending party, while the essence of liquidated damages is a genuine covenanted pre-estimate of damages. It has been said that the distinction between a penalty and liquidated damages is that the one is a surety for, and the other is to be paid in the event of nonperformance of, the act to be done. The parties are bound by a stipulation for liquidated damages. The amount is fixed and is not subject to change. But if the stipulation is regarded as a penalty, the defaulting party may be relieved of it. The courts will inquire into it to see whether it is unconscionable or excessive." (Italics ours.) 15 Am. Jur. 672.

We think it unnecessary to decide within the present proceeding whether the bond required by the advertisement for bids is a security for the payment of actual damages (penal bond) or whether it is a security for the payment of liquidated damages. What we do decide, however, is that the bond required by the advertisement for bids in the present case complies with the requisites provided in §7 of the "Set of General Conditions for the Contracting of the Insular Public Works," *supra.*

██ Conceding, without holding, that the bond required by law and by the advertisement for bids, must be of a penal nature, that is, a security for the payment of actual damages that may be caused by the bidder's refusal to enter into a contract, we must now consider and decide whether the security submitted by the petitioners complies with the neces-

sary legal requisites entitling it to be considered as a penal bond.

It is alleged by the petitioners in their brief:

"We need not remind this learned court of the fundamental difference between *a penalty which only answers for actual damages* and a stipulation for liquidated damages which, irrespective of the damages caused, can be forfeited in its entirety." (Italics ours.)

Is the bond tendered by the petitioners and appellants answerable for actual damages to the Commissioner of the Interior resulting from the refusal of the bidder to enter a contract, after an award has been made in his favor? No. The principal and the surety undertook to pay only any difference that might result, between the amount of the bid of the petitioner and the amount for which the Commissioner of the Interior might validly contract with another for the execution of the work, provided such difference does not exceed $800. The bond being confined to the payment of that difference, if any, the Commissioner of the Interior would not be entitled to claim payment for any other actual damages that might result from the nonperformance of the obligation. We must, therefore, hold and do hold that the bond submitted by the petitioners and appellants has not the character of a penal bond nor complies with the requirements of law and to the call for bids. The defendants were not ministerially bound to accept any kind of bond that might have been submitted to them by the petitioners.

The judgment appealed from must be affirmed.